[Cite as *State v. Davis*, 2017-Ohio-7713.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104442**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# TIMOTHY DAVIS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-13-580150-B and CR-14-584240-A

**BEFORE:** Celebrezze, J., Keough, A.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** September 21, 2017

**ATTORNEYS FOR APPELLANT**

John T. Forristal
P.O. Box 16832
Rocky River, Ohio 44116

Harvey B. Bruner
John D. Mizanin, Jr.
Harvey B. Bruner & Co.
700 W. St. Clair Avenue, Suite 110
Cleveland, Ohio 44113

**Also Listed**

Timothy A. Davis
Inmate No. 654-379
Trumbull Correctional Institution
P.O. Box 901
5701 Burnett Road
Leavittsburg, Ohio 44030


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:     Amy Venesile
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Defendant-appellant Timothy Davis appeals from his sentence following guilty pleas. Appellate counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After conducting an independent review of Davis's case, we affirm the trial court's judgment and grant appointed counsel's motion to withdraw.

## I. Procedural History

{¶2} Davis was charged in two separate cases. In Cuyahoga C.P. No. CR-13-580150-B, Davis pled guilty to five counts of burglary, second-degree felonies in violation of R.C. 2911.12(A)(2). In Cuyahoga C.P. No. CR-14-584240-A, Davis pled guilty to one count of theft, a fourth-degree felony in violation of R.C. 2913.02(A)(1). The remaining counts in the two cases were nolled.

{¶3} At the June 2014 sentencing hearing, the trial court imposed an aggregate 15-year prison sentence on the five counts of burglary and a one-year prison sentence on the theft count. The trial court ordered the 15-year sentence and the one-year sentence to run consecutively.

{¶4} On direct appeal, this court reversed Davis's sentence, concluding that the trial court failed to make the statutory findings required by R.C. 2929.14(C)(4) during the sentencing hearing and failed to incorporate those findings into its sentencing journal entry. *State v. Davis*, 8th Dist. Cuyahoga Nos. 102130 and 102132, 2015-Ohio-1037, ¶ 7 ("*Davis I*"). This court remanded the matter for resentencing.

{¶5} The trial court held a resentencing hearing on July 9, 2015. The trial court imposed a one-year prison term on the theft count. Furthermore, the trial court decided to modify Davis's sentence on the burglary counts based on his cooperation with law enforcement. The trial court imposed three-year prison sentences on three of the burglary counts and one-year prison sentences on the remaining two burglary counts. The trial court then advised Davis that his sentence on the burglary counts was 12 years. The trial court ordered Davis to serve the burglary counts consecutively to one another and consecutively to the one-year sentence on the theft count. The trial court stated that Davis's total sentence in both cases was 12 years.

{¶6} On appeal from resentencing, this court concluded that Davis's sentence was contrary to law because the trial court failed to make the statutory findings under R.C. 2929.14(C)(4) and incorporate those findings into its sentencing journal entry. *State v. Davis*, 8th Dist. Cuyahoga No. 103348, 2016-Ohio-1127, ¶ 13 ("*Davis II*"). Furthermore, this court determined that it was not clear what sentence the trial court actually imposed on the burglary counts. *Id*. at ¶ 16. As a result, this court remanded the matter to the trial court for resentencing to (1) specify the sentence on each of the burglary counts and (2) make the requisite R.C. 2929.14(C)(4) findings. *Id*. Finally, this court instructed the trial court on remand to correct the errors in its journal entries regarding the counts to which Davis pled guilty and the counts that were dismissed. *Id*. at ¶ 11.

{¶7} The trial court held a resentencing hearing on April 6, 2016. The trial court

imposed a three-year prison sentence on each of the five burglary counts. The trial court ordered the three-year sentences on four of the five burglary counts to run consecutively to one another; the court ordered the thee-year sentence on the fifth burglary count to run concurrently, for a total prison term of 12 years. Regarding the theft count, the trial court stated, "[y]ou pled guilty to grand theft, motor vehicle, Count 1, that's a felony of the fourth degree. On that case I gave you one year. Counts 2 and 3 shall be dismissed and the Journal Entry shall so reflect it. So [Davis is] only being sentenced on Count 1 in that case." (Tr. 8.) The trial court ordered Davis to serve the sentence on the burglary counts consecutively to the sentence on the theft count, making the total prison term for both cases 13 years.

{¶8} On May 5, 2016, Davis, pro se, filed a notice of appeal and motions for appointment of counsel and transcripts at the state's expense. Davis retained counsel, and counsel filed a notice of appearance on June 20, 2016. Davis's retained counsel filed an *Anders* brief and motions to withdraw on July 15, 2016 and September 13, 2016. Appointed counsel also filed a motion to withdraw as Davis's attorney of record on August 24, 2016.

{¶9} On November 15, 2016, this court granted retained counsel's motion to withdraw but denied counsel's request to dismiss the appeal because the transcript of the April 6, 2016 resentencing hearing was not made part of our record. This court appointed counsel to represent Davis and ordered a transcript of the resentencing hearing at the state's expense.

**{¶10}** Appointed counsel filed a motion to withdraw and an *Anders* brief on January 31, 2017. Therein, counsel indicated that he had thoroughly reviewed the record and determined that proceeding with the appeal would be frivolous. Counsel served Davis with a copy of the motion to withdraw and the *Anders* brief.

## II. Law and Analysis

**{¶11}** In *Anders* cases, we are charged with conducting an independent review of the record to determine

> whether any issues involving potentially reversible error that are raised by appellate counsel or by a defendant in his pro se brief are "wholly frivolous." * * * If we find that any issue presented or which an independent analysis reveals is not wholly frivolous, we must appoint different appellate counsel to represent the defendant.

(Citation omitted.) *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 7. An appeal is frivolous if it "presents issues lacking in arguable merit. * * * An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." (Citation omitted.) *Id.* at ¶ 8.

**{¶12}** In his *Anders* brief, appellate counsel identified one potential assignment of error regarding whether the trial court erred in imposing consecutive sentences and made the necessary findings required under R.C. 2929.14(C)(4).

**{¶13}** On August 8, 2017, Davis filed a pro se brief in which he raised the following three assignments of error:

> I. The journal entries in CR-14-584240-A are flawed in violation of appellant's right to due process of law.

II. The trial court erred in imposing consecutive sentences in CR-13-[580150-B] and CR-14-584240-A without making the necessary statutory findings on the record and in the journal entries, and without orally informing the appellant of the court's calculations of sentence on each count.

III. The trial court erred in failing to obey the court of appeals's mandate upon remand.

{¶14} We have examined and considered the potential argument identified by appointed counsel and the arguments raised in Davis's pro se brief. Furthermore, we have conducted an independent review of the record from the resentencing, including the transcript from the April 6, 2016 resentencing hearing, to determine if any arguably meritorious issues exist. *Anders*, 386 U.S. at 744, 87 S.Ct.1396, 18 L.Ed.2d 493. We find no error nor any arguably meritorious issues regarding the sentence imposed by the trial court.

## A. Scope of Appeal

{¶15} As an initial matter, we must note that the pro se brief that Davis filed on August 8, 2017, is nearly identical to the appellate brief that counsel filed on Davis's behalf in *Davis II*. However, "an appeal from a resentencing following a remand from a successful appeal is limited to those issues that arise from the resentencing." *State v. Romanko*, 8th Dist. Cuyahoga No. 104158, 2017-Ohio-739, ¶ 14. The Ohio Supreme Court has made clear that "[t]he scope of an appeal from a new sentencing hearing is limited to issues that arise at the new sentencing hearing." *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 30, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 40. *Accord State v. Hicks*, 8th Dist. Cuyahoga No. 104676, 2016-Ohio-8062, ¶ 8.

{¶16} The scope of this appeal is limited to issues that arise from the April 6, 2016 resentencing hearing. The three assignments of error that Davis raises in his pro se appellate brief, however, pertain to either the July 9, 2015 resentencing hearing or journal entries that predate the April 6, 2016 resentencing hearing. Accordingly, we summarily overrule Davis's three assignments of error because they are outside the scope of the present appeal, and therefore frivolous.

## B. Consecutive Sentences

**{¶17}** The only new argument that Davis appears to raise is that the trial court made a "factious" or "ficticous [sic]" finding and considered "friviously [sic] made accusations" during its consecutive sentencing analysis under R.C. 2929.14(C)(4). Davis does not, however, identify the specific finding or accusations to which he is referring.

**{¶18}** This court reviews felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may overturn the imposition of consecutive sentences where the court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or (2) "the sentence is otherwise contrary to law."

**{¶19}** R.C. 2929.14(C)(4) provides that in order to impose consecutive sentences, the trial court must find that consecutive sentences are (1) necessary to protect the public from future crime or to punish the offender, (2) that such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public, and (3) that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or

more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶20} Compliance with R.C. 2929.14(C)(4) requires the trial court to make the statutory findings at the sentencing hearing, which means that "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). Further, the reviewing court must be able to discern that the record contains evidence to support the findings. *State v. Davis*, 8th Dist. Cuyahoga No. 102639, 2015-Ohio-4501, ¶ 21, citing *Bonnell* at ¶ 29. A trial court is not, however, required to state its reasons to support its findings, nor is it required to give a rote recitation of the statutory language, "provided that the necessary findings can be found in the record and are incorporated in the sentencing entry." *Bonnell* at ¶ 37.

{¶21} In the instant matter, the record reflects that the trial court made the requisite R.C. 2929.14(C)(4) findings in support of its imposition of consecutive sentences. In making the first finding, the trial court stated, "[s]o there's 12 years on Count — in Case No. 580150 which will run consecutive to the sentence in 584240. The reason why I'm running these sentences consecutive is that it's necessary to protect the public from future crime and to punish the offender." (Tr. 8-9.) In making the second finding, the trial

court stated, "[a]nd consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public."    (Tr. 9.)

**{¶22}** Regarding the third finding, the trial court found that R.C. 2929.14(C)(4)(a), (b), and (c) applied:

> [Davis] committed these multiple offenses while he was on Community Control Sanctions to the Cleveland Municipal Court.
>
> * * *
>
> Case No. 2013-CRB-032625, he was placed on Community Control Sanctions on — that was November 13th, 2013, he was placed on Community Control Sanctions. * * *
>
> These offenses in Case No. 580150, you have five separate victims.   Many items of personal heirlooms were stolen and pawned and never returned to their owners.   It was a pattern of behavior or conduct on your part that any single prison term would not adequately reflect the seriousness of your conduct.
>
> Additionally, your history of criminal conduct demonstrates that consecutive sentences are necessary.   You have, from your presentence investigative report, a record dating back to — you have a juvenile record starting in 2001 dealing with thefts and breaking and enterings.   You then graduated to adult court in 2003, picking up burglaries and — drug cases and burglaries starting in 2004.   You've got one, two, three, four, five, six — six prior theft related cases, forgetting about the drugs and driving under suspension, obstruction of official business, falsification.   So you've got a long history of criminal behavior.
>
> And I don't believe that the length of the sentence is disproportionate to the serious nature of the crime.   At the time of your original sentencing Detective Lentz came into court and described for the Court, and you were present, the harm that you caused to the various victims.   There was war medals of [one victim] that were never recovered, there was jewelry from maternal grandmothers that was never recovered.   These are things that are not replaceable.   So you took their — and you invaded their home, the sanctity of their home.   They don't feel safe there anymore.   And that was because of your behavior.   So that is the reason why I'm imposing

consecutive sentences.

(Tr. 9-11.)

**{¶23}** The trial court properly incorporated its findings into the sentencing journal entries as required. *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at syllabus. The trial court's sentencing journal entries provide, in relevant part,

> The court imposes prison terms consecutively finding that consecutive sentences are necessary to protect the public from future crime or to punish defendant; that the consecutive sentences are not disproportionate to the seriousness of defendant's conduct and to the danger defendant poses to the public; and that, the defendant committed one or more of the multiple offenses while the defendant was awaiting trial or sentencing or was under a community control or was under post-release control for a prior offense and at least two of the multiple offenses were committed in this case as part of one or more courses of conduct, and the harm caused by said multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of defendant's conduct and defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by defendant. In case number 580150 there were 5 separate victims and many items were taken along with war medals and personal heirloom jewelry. Defendant has a long history of criminal behavior. Defendant has a juvenile record for theft and breaking and entering and has an extensive adult criminal record dating back to 2003 that includes 6 prior theft related offenses. Detective Lentz came into court and spoke on the record regarding the harm caused to the various victims and how the victims do not feel safe.

**{¶24}** Based on the foregoing analysis, we conclude that the trial court made the appropriate consecutive sentence findings and engaged in the analysis required under R.C. 2929.14(C)(4). We cannot "clearly and convincingly" find that the record does not support the trial court's findings. Furthermore, the trial court properly incorporated its findings into the sentencing journal entry as required. *Bonnell* at syllabus.

Accordingly, the trial court did not err in imposing consecutive sentences.

{¶25} For all of these reasons, we find that there are no arguable legal issues regarding Davis's consecutive sentences, and a direct appeal on this matter would be wholly frivolous.

### III.    Conclusion

{¶26} We have performed our duty under *Anders* to conduct an independent review of the record.   We have thoroughly reviewed the record and have found no nonfrivolous issues for review.   Accordingly, appellate counsel's request to withdraw is granted.   Davis's sentence is affirmed.

{¶27} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  The defendant's convictions having been affirmed, any bail pending appeal is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

KATHLEEN ANN KEOUGH, A.J., and
PATRICIA ANN BLACKMON, J., CONCUR