[Cite as *State v. Bhambra*, 2017-Ohio-8485.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105283**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOBANJEET BHAMBRA

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-601758-A

**BEFORE:** McCormack, P.J., S. Gallagher, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** November 9, 2017

**ATTORNEY FOR APPELLANT**

Michael J. Cheselka
75 Public Square, Ste. 920
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:   Kristin M. Karkutt
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, P.J.:

{¶1} Defendant-appellant Jobanjeet Bhambra appeals from an order of the trial court denying his motion to withdraw his guilty plea. For the reasons that follow, we affirm the trial court.

{¶2} On December 30, 2015, Bhambra was indicted along with a codefendant on a multiple-count indictment as follows: Count 1 — rape in violation of R.C. 2907.02(A)(2); Count 2 — rape in violation of R.C. 2907.02(A)(1)(c); Count 3 — attempted rape in violation of R.C. 2907.02(A)(2); Count 4 — attempted rape in violation of R.C. 2907.02(A)(1)(c); Count 5 — gross sexual imposition in violation of R.C. 2907.05(A)(1); Count 6 — kidnapping in violation of R.C. 2905.01(A)(4); Count 7 — rape in violation of R.C. 2907.02(A)(2); Count 8 — rape in violation of R.C. 2907.02(A)(1)(c); and Count 9 — kidnapping in violation of R.C. 2905.01(A)(4). The charges arise from the sexual assault of a 17-year-old victim.

{¶3} Thereafter, Bhambra agreed to accept a plea offer from the state that included an amended charge. On August 3, 2016, the court held a plea hearing, during which the state moved to amend Count 4, attempted rape, to the charge of attempted felonious assault. Bhambra then pleaded guilty to amended Count 4 and Count 5, gross sexual imposition, as indicted, and the state agreed to dismiss the remaining counts of the indictment. On October 14, 2016, the court sentenced Bhambra to three years imprisonment on Count 4 and 18 months on Count 5, to be served concurrently.

**{¶4}** Approximately two weeks later, Bhambra filed a motion to withdraw his guilty plea, alleging he is innocent of the charges and his plea was not made knowingly, intelligently, and voluntarily. On November 29, 2016, the trial court denied Bhambra's motion, finding no basis for withdrawal of his plea.

**{¶5}** On December 21, 2016, Bhambra appealed, attaching the trial court's order of November 2016. On appeal, however, Bhambra contends in his sole assignment of error that the trial court abused its discretion by permitting the state to amend the indictment from attempted rape to attempted felonious assault at the plea hearing. He argues that the amendment resulted in a change in the identity of the offense charged in the indictment and was therefore improper. Bhambra's appeal does not relate to his motion to withdraw his guilty plea or the trial court's denial of his motion to withdraw.

**{¶6}** We note, initially, that a knowing and intelligent guilty plea to an amended indictment waives any alleged error within that indictment on appeal. *State v. Johnson*, 8th Dist. Cuyahoga No. 103408, 2016-Ohio-2840, ¶ 21, citing *State v. Simmons*, 8th Dist. Cuyahoga No. 69238, 1997 Ohio App. LEXIS 696 (Feb. 27, 1997). Distinguishing between cases where an indictment is amended pursuant to a plea agreement from cases where an indictment is amended and the case proceeds to trial, this court has stated that where the amendment was made pursuant to a plea bargain in open court with the defendant's voluntary agreement, after full disclosure, an indictment may be amended without returning to the grand jury. *Simmons* at 6-7, citing *State v. Childress*, 91 Ohio App.3d 258, 261, 632 N.E.2d 562 (3d Dist.1993). "Since a counseled guilty plea * * *

waives a defendant's right to challenge his conviction on constitutional grounds, it must also operate as a waiver of any claimed errors on grounds relating to the wording of the indictments." *State v. Hill*, 8th Dist. Cuyahoga Nos. 61685, 61686, 1993 Ohio App. LEXIS 641, 14 (Feb. 4, 1993).

{¶7} Here, Bhambra does not argue on appeal that his plea was not entered knowingly and voluntarily. And we find the record, in fact, demonstrates that Bhambra knowingly and voluntarily agreed to the amended indictment to which he entered a guilty plea pursuant to the plea agreement.

{¶8} Prior to the defendant's plea, the state advised the court that Bhambra agreed to plead to an amended Count 4, and at this time, the state moved to amend Count 4, attempted rape, to reflect a charge of attempted felonious assault. The state also advised the court that in exchange for the defendant's guilty plea to the amended Count 4 as well as Count 5, as indicted, the state would move to dismiss the remaining counts of the indictment. Finally, the state provided that no threats or promises were made to induce the plea.

{¶9} Thereafter, the following Crim.R. 11 colloquy occurred:

Court: Mr. Bhambra, do you understand that plea arrangement?

Defendant: Yes, I do.

Court: * * * So do you understand, Mr. Bhambra, that you have a right to a grand jury indictment on any charge?

Defendant: Yes, I do.

Court:      But if you like this new charge of attempted felonious assault better than the one they charged you with originally, you're welcome to waive a grand jury indictment and let them substitute this new crime.   Understood?

Defendant: Yes.

Court:      But it does mean that you would have to waive any complaint about it.   In other words, waive any defect in how you were given notice and served with a new charge called attempted felonious assault.   Understood?

Defendant: Yes.

**{¶10}** The trial court further explained the charges, including the amended count, and the possible sentences for the charges.   The court also advised Bhambra of his constitutional rights, to which Bhambra indicated that he understood.   When asked if he had any questions, Bhambra stated that he did not, and he pleaded guilty to Count 4, as amended, and Count 5, as indicted.   Bhambra further stated that he was not threatened or promised anything in exchange for his plea other than the dismissal of the remaining charges on the indictment.   The court then accepted Bhambra's guilty plea, finding the plea was intelligent, voluntary, and knowing, and it found him guilty of the two charges.

**{¶11}** Based upon the above, we find Bhambra's guilty plea was knowingly, intelligently, and voluntarily entered, and Bhambra knowingly and voluntarily assented, after full disclosure, to the amended indictment pursuant to his plea agreement. Bhambra has therefore waived his right to question the validity of his indictment on appeal.

**{¶12}** Notwithstanding Bhambra's waiver, we find that Bhambra is attempting to employ the procedure of "bootstrapping" through his appeal. "Bootstrapping" is "the utilization of a subsequent order to indirectly and untimely appeal a prior order that was never directly appealed." *State v. Williamson*, 8th Dist. Cuyahoga No. 102320, 2015-Ohio-5135, ¶ 9. Such attempt is "procedurally anomalous and inconsistent with the appellate rules that contemplate a direct relationship between the order from which the appeal is taken and the error assigned as a result of that order" and is disfavored. *Williamson*, citing *State v. Church*, 8th Dist. Cuyahoga No. 68590, 1995 Ohio App. LEXIS 4838 (Nov. 2, 1995); *Bd. of Health v. Petro*, 8th Dist. Cuyahoga No. 104882, 2017-Ohio-1164, ¶ 12 (noting this court's consistent declination to consider bootstrapped claims).

**{¶13}** Here, Bhambra argues in his sole assignment of error that the trial court erred in permitting an amendment to his indictment. However, Bhambra only appealed the trial court's denial of his motion to withdraw his guilty plea, attaching the trial court's order of November 2016 denying his motion. The assignment of error is therefore unrelated to the only order that was timely appealed. Because Bhambra is attempting to bootstrap a claim that is now time-barred, we are without jurisdiction to consider it. *State v. Cottrell*, 8th Dist. Cuyahoga No. 95053, 2010-Ohio-5254, ¶ 20; *see* App.R. 4.

**{¶14}** Bhambra's sole assignment of error is overruled.

**{¶15}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
ANITA LASTER MAYS, J., CONCUR