[Cite as *State v. Turner* , 2018-Ohio-2730.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106123**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**WAYNE TURNER**

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-603727-A

**BEFORE:** E.A. Gallagher, A.J., Stewart, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 12, 2018

**ATTORNEY FOR APPELLANT**

Leigh S. Prugh
Nee Law Firm, L.L.C.
26032 Detroit Road, Suite 5
Westlake, Ohio 44145


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY: Yosef M. Hochheiser
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, A.J.:

**{¶1}** Defendant-appellant Wayne Turner appeals his sentences imposed as a result of the revocation of his community control. For the following reasons, we reverse and remand.

**Factual and Procedural Background**

**{¶2}** In 2016 Turner plead guilty to one count of attempted felonious assault and one count of domestic violence. At sentencing the trial court imposed 18 months of community control on each count. The trial court also imposed a prison sentence of 30 months on each count but ordered the prison terms "suspended" in favor of community control.

**{¶3}** On June 21, 2017, the trial court conducted a community-control- revocation hearing and found Turner to be in violation of his community-control-revocation. The trial court provided Turner an opportunity to speak before terminating his community control and stating, "[t]he original sentence will be ordered into execution."

**{¶4}** The trial court issued a journal entry that set forth a blanket prison term of 30 months without specifying separate sentences for each count. This court sua sponte remanded the present appeal to the trial court to issue a nunc pro tunc entry conforming with the requirements of a final appealable order under *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142. On March 21, 2018, the trial court issued a nunc pro tunc entry specifying that Turner's prison sentence was 30 months on each count and the counts were to be served concurrently.

**Law and Analysis**

**I. Allied Offenses**

**{¶5}** In his first assignment of error, Turner argues that the trial court erred by failing to merge his felonious assault and domestic violence charges as allied offenses at the time of his community-control-revocation hearing.

**{¶6}** We find Turner's argument to be barred by res judicata. It is well established that res judicata bars the consideration of issues that could have been raised on direct appeal. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio- 1245, 826 N.E.2d 824, ¶ 16-17. This court has recognized that the issue of whether two offenses constitute allied offenses subject to merger must be raised on direct appeal from a conviction or res judicata will bar a subsequent attempt to raise the issue. *State v. Poole*, 8th Dist. Cuyahoga No. 94759, 2011-Ohio-716, ¶ 13. We have also recognized that an appeal taken from a community-control- revocation hearing is not a direct appeal from a defendant's original conviction and that res judicata precludes appellate review in such an appeal of issues that could have been raised in a direct appeal. *State v. Bailey*, 8th Dist. Cuyahoga No. 103114, 2016-Ohio-494, ¶ 7. Other Ohio appellate courts have reached the same conclusion. *See*, *e.g.*, *State v. Allbaugh*, 4th Dist. Athens No. 12CA23, 2013-Ohio-2031, ¶ 14; *State v. Turner*, 2d Dist. Montgomery No. 27350, 2017-Ohio-4101, ¶ 8; *State v. Fields*, 5th Dist. Richland No. 2012-CA-0011, 2012-Ohio-4808, ¶ 16-19. "[T]he time to challenge a conviction based on allied offenses is through a direct appeal — not at a resentencing hearing." *Poole* at ¶ 13.

**{¶7}** Turner's first assignment of error is overruled.

**II. Consideration of Sentencing Factors**

**{¶8}** In his second assignment of error, Turner argues that the trial court failed to consider the sentencing factors under R.C. 2929.11 and 2929.12 when it sentenced him following the revocation of his community control sanctions.

**{¶9}** "Following a community control violation, the trial court conducts a second sentencing hearing. At this second hearing, the court sentences the offender anew and must comply with the relevant sentencing statutes." *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, ¶ 17; *State v. Jackson*, 150 Ohio St.3d 362, 2016-Ohio-8127, 81 N.E.3d 1237, ¶ 11. The Ohio Supreme Court in *Jackson* reaffirmed that a community-control-revocation hearing is a sentencing hearing conducted consistent with R.C. 2929.15(B) and in sentencing a defendant at such a hearing a trial court is not merely imposing an already existing sentence. *Jackson* at ¶ 11-13.

**{¶10}** In this instance the record reflects that trial court failed to sentence Turner anew. In fact, the trial court failed to state a specific sentence for either count at this sentencing. Although the trial court's nunc pro tunc entry set forth concurrent 30-month prison terms for Turner's two convictions, we find that the entry does not reflect what actually occurred at the hearing. At the hearing, the trial court made no mention of any specific term of incarceration and failed to individually address either count. Because individual sentences were not imposed at the hearing, a nunc pro tunc entry cannot remedy this omission. *State v. Nave*, 8th Dist. Cuyahoga Nos. 105286 and 105288, 2018-Ohio-485, ¶ 2.[1]

---

[1] We find the trial court's "suspended" prison terms at Turner's original hearing to be in compliance with the notice required by R.C. 2929.19(B)(4) for the imposition of community control but a nullity for sentencing purposes. Under Ohio's felony sentencing statutes a trial court may impose either a prison term or community control sanctions on each count. *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2098, 35 N.E.3d 512, ¶ 13. "[T]he sentencing statute does not allow a trial court to impose both a prison sentence and community control for the same offense." *State v. Jacobs*, 189 Ohio App.3d 283, 2010-Ohio-4010, 938 N.E.2d 79, ¶ 5 (8th Dist.). Rather, "the trial court must decide which sentence is appropriate — prison or community control sanctions — and impose whichever option is deemed to be necessary." *Id.*, quoting *State v. Vlad*, 153 Ohio App.3d 74, 2003-Ohio-2930, 790 N.E.2d 1246, ¶ 16 (7th Dist.).

**{¶11}** We note that after the trial court determined Turner to be in violation of his community control it failed to comply with Crim.R. 32(A) in that the court did not afford either Turner's counsel or the prosecuting attorney an opportunity to speak during the sentencing phase.

**{¶12}** Turner's second assignment of error is sustained.

**{¶13}** The judgment of the trial court is reversed. Turner's sentence is vacated and case remanded for resentencing consistent with *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, ADMINISTRATIVE JUDGE

MELODY J. STEWART, J., and
SEAN C. GALLAGHER, J., CONCUR