[Cite as *Cleveland v. Sabetta*, 2021-Ohio-4426.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| CITY OF CLEVELAND, | : | |
| Plaintiff-Appellee, | : | No. 110095 |
| v. | : | |
| DOMINIC V. SABETTA, | : | |
| Defendant-Appellant. | : | |

**JOURNAL ENTRY AND OPINION**

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** December 16, 2021

Criminal Appeal from the Cleveland Municipal Court
Case No. 19-CRB-012200

***Appearances:***

Barbara A. Langhenry, Cleveland Director of Law,
Aqueelah A. Jordan, Chief Prosecuting Attorney, and
Brittany C. Barnes, Assistant City Prosecutor, *for appellee.*

Robert A. Dixon, *for appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant Dominic Sabetta ("Sabetta") appeals the trial court's denial of his motion to modify the condition of community control sanctions

that restricted visitation with his minor daughter to the Safe and Sound Community Center ("Safe and Sound").[1]   For the reasons set forth below, we dismiss the appeal.

## Procedural and Factual History[2]

{¶ 2} In July 2018, the court issued a civil protection order against Sabetta, with C.C., the mother of the parties' minor daughter, as well as C.C.'s mother, as protected persons.  In October 2018, the Cuyahoga County Juvenile Court, which was presiding over Sabetta's application to determine custody, ordered that Sabetta's visitation with his daughter take place at Safe and Sound.

{¶ 3} In April 2019, Sabetta and C.C. reached an interim parenting visitation agreement.  Pursuant to the agreement, Sabetta would have parenting time with their daughter and the visits would be supervised by Sabetta's sister.  In addition, any licensed, insured, sober paternal family member could accompany Sabetta to pick up daughter from mother's home.  Further, at the end of the visit, mother would pick up daughter from Sabetta's home and a paternal family member would walk the daughter to the mother's car.  On April 24, 2019, the juvenile court adopted the parties' interim visitation agreement and supervised visitation at Safe and Sound ceased.

---

[1]The supervised visitation center, a program of the Domestic Violence Center, is a neutral place where children and their nonresidential parent(s) can experience parenting time or exchange in the presence of a third person who is responsible for observing and ensuring the safety of those present.

[2]Before the inception of the underlying case, which is the subject of the instant appeal, Sabetta filed an application to determine custody of his daughter in the Cuyahoga County Juvenile Court.  Because of the simultaneous impact of the two cases on each other, relevant facts from the matter in the juvenile court will be referenced throughout this opinion.

**{¶ 4}** On June 16, 2019, Cleveland Police arrested Sabetta upon a complaint by C.C., who alleged that at the end of one of Sabetta's scheduled parenting times, Sabetta came outside, banged on her car's window, and yelled at her while she waited for their daughter to be brought to her by a paternal family member. On July 25, 2019, based on the complaint, the city of Cleveland ("the City") charged Sabetta with the violation of a civil protection order.

**{¶ 5}** On October 10, 2019, at his arraignment, Sabetta pled not guilty to the charge. On November 26, 2019, after a series of pretrials had been conducted, Sabetta pled no contest to an amended charge of attempted violation of a protection order. Thereafter, the trial court referred Sabetta to the probation department for the preparation of a presentence investigation report.

**{¶ 6}** On December 16, 2019, at Sabetta's sentencing hearing, the trial court imposed a fine of $150, suspended a 90-day jail sentence, and placed him on three years of active community control sanctions. The community control sanctions including the conditions that Sabetta have no contact with C.C. and that visitation with their daughter take place only at Safe and Sound. Sabetta was also required to participate in the Domestic Intervention Education and Training Program ("D.I.E.T. Program") and attend parenting classes, as well as complete 100 hours of community service by December 16, 2020.

**{¶ 7}** On January 21, 2020, Sabetta, who had not taken a direct appeal, filed a motion to modify, which sought the removal of the condition that required visitations with his daughter only at Safe and Sound. As grounds for the request, Sabetta

indicated that on January 6, 2020, an attorneys' conference had been conducted, in the juvenile court, regarding custody of the parties' daughter. At that time, the juvenile court ruled that Sabetta's parenting time should resume no later than January 13, 2020, and that he should have no less than six hours of parenting time with his daughter. The six hour of parenting time would occur every Sunday as outlined in the parties' visitation agreement the juvenile court previously adopted.

{¶ 8} Sabetta further noted that the juvenile court's ruling conflicted with the trial court's ruling at the time he was sentenced. Sabetta offered that he was seeking the trial court's permission to follow the juvenile court's ruling that he could resume contact with his daughter. On January 25, 2020, the trial court denied Sabetta's motion to modify.

{¶ 9} On September 14, 2020, Sabetta filed a second motion to modify, which again sought the removal of the condition requiring supervised visitation with his daughter only at Safe and Sound. In support of the request, Sabetta noted he paid all fines and court costs; completed the D.I.E.T. program, comprised of 16 classes; completed the parenting program, comprised of nine classes; and satisfied most of the community work service hours.

{¶ 10} In addition, Sabetta noted that the condition of supervised visitation at Safe and Sound had limited his contact with his daughter to one hour, every other week, or to two hours per month. Sabetta also noted that because of the COVID-19 pandemic, Safe and Sound had been closed for three months. Consequently, Sabetta added, he only had six hours of contact with his daughter in the preceding six months.

{¶ 11} On October 13, 2020, the trial court held a hearing on the motion. The City objected to the requested modification and argued that supervised visitation should continue at Safe and Sound. The trial court denied the motion indicating it will revisit the matter after the juvenile court made a final decision.

{¶ 12} Sabetta now appeals and assigns the following sole error for review:

### Assignment of Error

The lower court erred and abused its discretion and denied the appellant due process of law by imposing a restriction upon appellant's parental visitation with his minor daughter as a condition of community control sanctions.

### Law and Analysis

{¶ 13} In the sole assignment of error, Sabetta argues the trial court erred and abused its discretion when it imposed restrictions upon his parental visitation with his minor daughter, who was not a subject of the protection order and not a victim in the charged violation of the protection order.

{¶ 14} As an initial matter, we note our review in this appeal are limited to issues pertaining to the trial court's October 14, 2020 order denying Sabetta's motion seeking removal of the condition requiring supervised visitation with his daughter only at Safe and Sound. The October 14, 2020 judgment entry is the order Sabetta has timely appealed. App.R. 3(D) states, in pertinent part, that "[t]he notice of appeal * * * shall designate the judgment, order or part thereof appealed from * * * ." *Id.*

{¶ 15} Although Sabetta timely filed a notice of appeal from the October 14, 2020 judgment entry, the thrust of his sole assignment of error is that the trial court violated his right to due process by imposing a condition of community

control that restricted his visitation with his minor daughter. The record indicates that the trial court imposed this condition at a sentencing hearing in December 2019.

{¶ 16} Because the sole assignment of error pertains to a purported due process violation that predates the October 14, 2020 order denying Sabetta's motion to modify the specific community control condition, the issue is outside the scope of the instant appeal. *See State v. Davis*, 8th Dist. Cuyahoga No. 104442, 2017-Ohio-7713, ¶ 16.

{¶ 17} Further, because Sabetta's core argument, in the present appeal, pertains to a purported due process violation flowing from the December 2019 imposition of the condition in his sentence, it is now untimely and barred by the doctrine of res judicata. It is well established that res judicata bars the consideration of issues that could have been raised on direct appeal. *State v. Turner*, 8th Dist. Cuyahoga No. 106123, 2018-Ohio-2730, ¶ 6, citing *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16-17.

{¶ 18} In this matter, Sabetta could have challenged the imposition of this condition on direct appeal. However, as previously indicated, Sabetta did not appeal the December 2019 judgment. As such, Sabetta's attempt to utilize the present appeal to challenge the imposition of the community control condition is barred by res judicata.

{¶ 19} Finally, the record suggests that Sabetta is attempting to employ the procedure of "bootstrapping" through this appeal challenging the trial court's judgment denying his motion seeking removal of the specific condition.

> "Bootstrapping" is "the utilization of a subsequent order to indirectly and untimely appeal a prior order that was never directly appealed." *State v. Williamson*, 8th Dist. Cuyahoga No. 102320, 2015-Ohio-5135, ¶ 9. Such attempt is "procedurally anomalous and inconsistent with the appellate rules that contemplate a direct relationship between the order from which the appeal is taken and the error assigned as a result of that order" and is disfavored. *Williamson*, citing *State v. Church*, 8th Dist. Cuyahoga No. 68590, 1995 Ohio App. LEXIS 4838 (Nov. 2, 1995); *Bd. of Health v. Petro*, 8th Dist. Cuyahoga No. 104882, 2017-Ohio-1164, ¶ 12 (noting this court's consistent declination to consider bootstrapped claims).

*State v. Bhambra*, 8th Dist. Cuyahoga No. 105283, 2017-Ohio-8485, ¶ 12.

{¶ 20} In this matter, as previously noted, Sabetta filed a notice of appeal from the trial court's October 14, 2020 judgment denying his motion to modify the condition of community control. In the underlying motion, Sabetta argued that the condition should have been removed because of his substantial compliance.

{¶ 21} Yet, in the present appeal, Sabetta's sole assignment of error states that the trial court abused its discretion by imposing a condition that restricted the parental visitation with his daughter. Indeed, Sabetta's core argument and supporting case law focuses solely on the propriety of the trial court's imposition of the complained-of condition, instead of its removal based on his substantial compliance. As such, any errors relating to Sabetta's sentencing should have been raised by a direct appeal within thirty days of the entry of sentencing. *See* App.R. 4(A).

{¶ 22} Because Sabetta's present appeal amounts to an attempt at bootstrapping a claim that is now time barred, we are without jurisdiction to consider the appeal. *See Bhambra* at ¶ 13, citing *State v. Cottrell*, 8th Dist. Cuyahoga No. 95053, 2010-Ohio-5254, ¶ 20, and App.R. 4.

**{¶ 23}** Appeal dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_Emanuella D. Groves_
_____
EMANUELLA D. GROVES, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN T. GALLAGHER, J., CONCUR