[Cite as *State v. Streets*, 2025-Ohio-2598.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                              :

    Plaintiff-Appellee,              :

    v.                                       :                    No. 114683

MICHAEL STREETS,                        :

    Defendant-Appellant.           :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** July 24, 2025

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-685323-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van, Assistant Prosecuting Attorney, *for appellee.*

Patituce & Associates, LLC, and Joseph C. Patituce, *for appellant.*

DEENA R. CALABRESE, J.:

{¶ 1} Defendant-appellant Michael Streets ("Streets") appeals the trial court's denial of his motion to modify a condition of community control, which requires

monitoring of all electronic devices he uses for personal or work use. For the reasons set forth below, we dismiss his appeal.

## I. Facts

{¶ 2} In fall 2019, Streets was a 31-year-old advisor for the Bay Village High School robotics team. The victim, S.W., was a 17-year-old high school senior on the team. Starting in early November 2019, Streets began contacting S.W. via text and Snapchat that "took [on] sexual undertones." Streets and S.W. met up with each other four times outside of school, and at least two of those meetings involved sexual activity. The relationship ended after two months. Streets began to harass S.W. while she was away at college. She told the trial court that "on at least two different occasions [Streets] called [S.W.] with fake numbers [and] used a fake voice to ensure that she was on the phone before revealing his true voice and letting her know that it was him." These telephone calls led to S.W. reporting the 2019 relationship to police.

## II. Procedural History

{¶ 3} On October 2, 2023, Streets was indicted on two counts of sexual battery in violation of R.C. 2907.03(A)(7), both felonies of the third degree. On August 13, 2024, as part of a plea agreement, Streets entered a guilty plea to both counts as amended to sexual imposition in violation of R.C. 2907.06(A)(1), both misdemeanors of the third degree. Sentencing was held on the same day.[1] The trial

---

[1] A presentence investigation was not completed.

court sentenced Streets to 60 days in the Cuyahoga County Jail on each count, to be served consecutively, and suspended the sentence. The trial court also ordered him to register as a Tier 1 sex offender, pay a fine, and serve community control. The trial court made the following findings regarding community-control sanctions:

> It is therefore ordered that the defendant is sentenced to two years of community control on each count, under the supervision of the adult probation department's sex offender unit with the following conditions:
>
> 1.) Defendant to abide by all rules and regulations of the probation department.
>
> 2.) Report as directed by probation officer.
>
> 3.) Submit to sex offender assessment, which may include polygraph examination.
>
> 4.) Successfully complete sex offender counseling as indicated by sex offender assessment.
>
> 5.) Subject to polygraph examinations as recommended by treatment team.
>
> 6.) Follow all additional recommendations of treatment team.
>
> 7.) Attend additional programming as indicated in case plan.
>
> 8.) Defendant is ordered to pay a monthly supervision fee of $20.
>
> 9.) Random drug testing.
>
> 10.) Conditions and terms of probation are subject to modification by the probation officer and approval of the court.

{¶ 4} On September 17, 2024, the trial court issued an order that "at the request of the probation [department], [Streets] is ordered to participate in the IPPC pilot project." On September 30, 2024, at Streets's request, the trial court transferred his supervision to the Trumbull County Probation Department, Sex

Offender Unit. On October 29, 2024, Streets filed a motion to modify the conditions of probation, asking the trial court to eliminate the monitoring of all electronic devices he uses as required by the IPPC pilot project. The trial court overruled Streets's motion on December 5, 2024, stating that he "is required to comply with all condition[s] of probation."

{¶ 5} This appeal, filed on December 20, 2024, stems from the denial of Streets's motion to modify the conditions of probation. Streets raises a single assignment of error for our review:

> The trial court abused its discretion after sentencing in ordering appellant to participate in the IPPC pilot project mandating that any electronic device he possess[es] be monitored and recorded by a third party despite the condition having no relation to the offense in which he was convicted.

### III. Law and Analysis

{¶ 6} In his sole assignment of error, Streets argues that the trial court abused its discretion when it ordered him to participate in the IPPC pilot project mandating that all electronic devices he uses be monitored.

{¶ 7} App.R. 4(A)(1) provides that "a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry."

{¶ 8} Streets's appeal is limited to the December 5, 2024 denial of his motion to modify the conditions of probation, where he moved the trial court to remove the IPPC pilot project as a condition of his probation. Although Streets timely filed a notice of appeal of the denial of the motion, his sole assignment of error argues that

the trial court erred when it imposed this condition of probation. The record reflects that the IPPC pilot project condition of community control was imposed by the trial court on September 17, 2024.

{¶ 9} Because the sole assignment of error pertains to the imposition of a condition of community control that predates the December 5, 2024 denial of his motion, the issue is outside the scope of the instant appeal. *Cleveland v. Sabetta*, 2021-Ohio-4426, ¶ 16 (8th Dist.), citing *State v. Davis*, 2017-Ohio-7713, ¶ 16 (8th Dist.).

{¶ 10} Further, Streets could have challenged the imposition of the additional community-control sanction on direct appeal. However, he did not appeal the trial court's September 17, 2024 order. Because Streets's core argument in the present appeal pertains to a purported error in the imposition of an additional community-control sanction, it is now untimely and barred by the doctrine of res judicata. "Res judicata bars the consideration of issues that could have been raised on direct appeal." *Sabetta* at ¶ 17, citing *State v. Turner*, 2018-Ohio-2730, ¶ 6 (8th Dist.), citing *State v. Saxon*, 2006-Ohio-1245, ¶ 16-17.

{¶ 11} The record suggests Streets is attempting to "bootstrap" this appeal by challenging the trial court's denial of his motion to modify conditions of community control.

> "'Bootstrapping' is 'the utilization of a subsequent order to indirectly and untimely appeal a prior order that was never directly appealed.' *State v. Williamson*, 8th Dist. Cuyahoga No. 102320, 2015-Ohio-5135, ¶ 9. Such attempt is 'procedurally anomalous and inconsistent with the appellate rules that contemplate a direct relationship between the

order from which the appeal is taken and the error assigned as a result of that order' and is disfavored. *Williamson*, citing *State v. Church*, 8th Dist. Cuyahoga No. 68590, 1995 Ohio App. LEXIS 4838 (Nov. 2, 1995); *Bd. of Health v. Petro*, 8th Dist. Cuyahoga No. 104882, 2017-Ohio-1164, ¶ 12 (noting this court's consistent declination to consider bootstrapped claims)."

*Sabetta* at ¶ 19, quoting *State v. Bhambra*, 2017-Ohio-8485, ¶ 12 (8th Dist.).

{¶ 12} Because Streets's present appeal amounts to an attempt at bootstrapping a claim that is now time barred, we are without jurisdiction to consider the appeal. *Sabetta* at ¶ 22, citing *Bhambra* at ¶ 13, citing *State v. Cottrell*, 2010-Ohio-5254, ¶ 20 (8th Dist.), and App.R. 4.

{¶ 13} Appeal dismissed.

It is ordered that appellee recover from appellant costs herein taxed

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

DEENA R. CALABRESE, JUDGE

EMANUELLA D. GROVES, P.J., and
ANITA LASTER MAYS, J., CONCUR