[Cite as *State v. Fung*, 2026-Ohio-940.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                        No. 115593

    v.                                 :

CHEUK LUN FUNG,                         :

    Defendant-Appellant.         :

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** March 19, 2026

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-98-365106-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Matthew W. Moretto, Assistant Prosecuting Attorney, *for appellee*.

Cheuk Lun Fung, *pro se*.

DEENA R. CALABRESE, J.:

{¶ 1} Defendant-appellant Cheuk Lun Fung ("Fung") appeals the trial court's denial of his successive petition for postconviction relief ("second petition"). We dismiss Fung's appeal because we find that the second petition was res judicata and the appeal is an impermissible attempt at bootstrapping.

## I. Relevant Facts and Procedural History

{¶ 2} Fung's conviction stems from events that took place in May 1998. Fung traveled from the San Francisco area of California to Ohio with two other individuals, Richard H. Chu ("Chu") and Yuriko Kawaguchi ("Kawaguchi"). In Ohio, Kawaguchi proceeded to purchase mass quantities of electronics, mainly computers and printers, from various Cleveland area stores at Chu's and Fung's direction. The electronics were charged to counterfeit credit cards. The trio was apprehended by Mayfield Heights police officers after difficulties with a counterfeit credit card at the Mayfield Heights Best Buy.

{¶ 3} All three individuals involved were indicted. Kawaguchi later agreed to testify against Fung and Chu. Fung and Chu were each convicted of one count of engaging in a pattern of corrupt activity pursuant to R.C. 2923.32, seven counts of forgery pursuant to R.C. 2913.31, seven counts of uttering pursuant to R.C. 2913.31, three counts of theft pursuant to R.C. 2913.02, three counts of misusing a credit card pursuant to R.C. 2913.21, one count of tampering with records pursuant to R.C. 2913.42, and one count of possessing criminal tools pursuant to R.C. 2923.24.[1]

{¶ 4} The trial court sentenced Fung to six years of incarceration. Fung and Chu appealed, and in *State v. Chu*, 2003-Ohio-551, ¶ 43 (8th Dist.), this court found that the trial court erred when it did not state either of the two reasons why it diverted from the minimum sentence as mandated by R.C. 2929.14(A) and

---

[1] A more detailed recitation of the facts in the underlying case can be found in *State v. Chu*, 2000 Ohio App. LEXIS 28 (8th Dist. Jan. 6, 2000).

remanded for resentencing. On May 1, 2003, Fung was resentenced to two years of incarceration. Fung was then released because he had already served four years.

{¶ 5} On May 16, 2025, Fung submitted a public-records request to the Cuyahoga County Prosecutor's Office ("the State") seeking the file from his case. On June 27, 2025, the State provided the file, which consisted of 284 pages, in response to Fung's request.

{¶ 6} On July 15, 2025, Fung filed a petition for postconviction relief ("first petition") with the trial court. In the first petition, Fung asserted that he obtained newly discovered evidence through his public-records request and based on that evidence he sought postconviction relief pursuant to R.C. 2953.21 and 2953.23(A)(1)(a)-(b). On July 24, 2025, the State filed a motion to dismiss Fung's first petition. On July 28, 2025, the trial court denied Fung's first petition. Fung did not appeal this order.

{¶ 7} On August 26, 2025, Fung filed a second petition for postconviction relief. The second petition largely mirrored the first petition; Fung asserted that he obtained newly discovered evidence through his public-records request and based on that evidence he sought postconviction relief pursuant to R.C. 2953.21 and 2953.23(A)(1)(a)-(b). The second petition included arguments that were not in the first petition. The new arguments were based on the documents Fung obtained from his public-records request. On August 28, 2025, the State filed a motion to dismiss Fung's second petition, arguing that the second petition was res judicata. On August

29, 2025, the trial court granted the State's motion to dismiss Fung's second petition. This appeal stems from the trial court's August 29, 2025 order.

{¶ 8} Fung raises the following four assignments of error for our review:

1. The trial court erred by applying *res judicata* to dismiss Appellant's claim regarding the suppressed criminal history of the State's sole eyewitness, Kawaguchi. The prosecution actively concealed this impeachment evidence, and Appellant was unavoidably prevented from discovering it earlier. The State's own August 28, 2025, Motion to Dismiss confirmed suppression but sought to excuse it as "*only an arrest,*" a position contrary to *Brady* and *Giglio*. The jury was entitled to know that the sole eyewitness had been arrested for theft – the very same type of crime at issue – because such evidence directly bears on truthfulness and credibility. Concealing it fatally undermines confidence in the verdict.

2. The trial court erred in applying *res judicata* to bar Appellant's *Giglio* claim. The June 27, 2025, internal file revealed for the first time that the prosecution had coordinated with immigration authorities before trial, a fact suppressed since 1998. The State's own July 24, 2025, Motion to Dismiss crystallized the legal significance of this evidence by denying any proof of pretrial knowledge. Because this evidence was newly discovered and could not have been raised in the initial petition, Appellant satisfied the statutory standard for unavoidable prevention.

3. The trial court erred in applying res judicata to dismiss Appellant's claim regarding the suppressed surveillance report. *The State's own later admission proved it withheld this exculpatory evidence*, which directly contradicted the eyewitness's testimony. This constitutes a new and material *Brady* violation that was unavailable to Appellant prior to his Successive Petition.

4. The trial court erred in dismissing Appellant's claim regarding the prosecution's manipulation of discovery. The newly discovered evidence demonstrates a broader pattern of prosecutorial bad faith, including the substitution of a sanitized synopsis, the concealment of the co-defendant's statement, and selective use of criminal history records. These actions, which prevented Appellant from discovering crucial evidence, cumulatively demonstrate that Appellant was deprived of a fair trial.

## II. Law and Analysis

{¶ 9} We will address Fung's four assignments of error together for ease of analysis. Assignments of error Nos. 1, 2, and 3 each assert that Fung's second petition was not res judicata. In addition, each of the four assignments of error rely on information obtained from Fung's public-records request.

{¶ 10} Fung does not dispute that his first and second petitions both relied on the 284 pages he received from the State in response to his public-records request. In his appellate brief, Fung asserts that his second petition contained new evidence that was not in his first petition. Fung asserts that the State's July 24, 2025 and August 29, 2025 motions to dismiss Fung's petitions contain admissions of prosecutorial misconduct.

{¶ 11} Our review in this matter is limited to the trial court's August 29, 2025 order denying Fung's second petition. App.R. 4(A)(1) provides that "a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry."

{¶ 12} Fung filed a timely notice of appeal of the August 29, 2025 order granting the State's motion to dismiss his second petition. However, Fung's second petition is res judicata. Fung's petitions were largely identical and both were based on documents he received from his public-records request. "An issue raised in a previous petition for post-conviction relief is res judicata on a subsequent motion for post-conviction relief." (Citations omitted.) *State v. Brooks*, 1999 Ohio App.

LEXIS 3223, * 4-5 (8th Dist. July 8, 1999). Issues that could have been raised in a previous petition are also res judicata. *Id.* at * 6.

{¶ 13} The issues in Fung's second petition were or could have been before the trial court in the first petition. Fung does not dispute that the 284 pages of documents he obtained from his public-records request were the basis for both petitions. Although Fung added new arguments to the second petition, the new arguments were based on the documents from the public-records request and could have been raised in the first petition. Fung asserts that statements made in the State's motion to dismiss the first petition were admissions and thus new evidence for the second petition. However, the State's motion to dismiss Fung's first petition was considered by the trial court when the trial court made its determination to deny Fung's first petition. Therefore, all issues in Fung's second petition for postconviction relief were or could have been before the trial court when it made its determination on Fung's first petition. This is the very definition of res judicata.

{¶ 14} The record suggests that Fung is attempting to "bootstrap" this appeal by challenging the trial court's dismissal of his second petition.

> "'Bootstrapping' is 'the utilization of a subsequent order to indirectly and untimely appeal a prior order that was never directly appealed.' *State v. Williamson*, 8th Dist. Cuyahoga No. 102320, 2015-Ohio-5135, ¶ 9. Such attempt is 'procedurally anomalous and inconsistent with the appellate rules that contemplate a direct relationship between the order from which the appeal is taken and the error assigned as a result of that order' and is disfavored. *Williamson*, citing *State v. Church*, 8th Dist. Cuyahoga No. 68590, 1995 Ohio App. LEXIS 4838 (Nov. 2, 1995); *Bd. of Health v. Petro*, 8th Dist. Cuyahoga No. 104882, 2017-Ohio-1164, ¶ 12 (noting this court's consistent declination to consider bootstrapped claims)."

*Cleveland v. Sabetta*, 2021-Ohio-4426, ¶ 19 (8th Dist.), quoting *State v. Bhambra*, 2017-Ohio-8485, ¶ 12 (8th Dist.).

{¶ 15} Fung never appealed the trial court's denial of his first petition. Instead, he filed a second petition presenting the same issues found in his first petition, along with additional arguments he could have raised in the first petition. Because Fung's present appeal amounts to an attempt at bootstrapping a claim that is now time barred, we are without jurisdiction to consider the appeal. *Sabetta* at ¶ 22, citing *Bhambra* at ¶ 13, citing *State v. Cottrell*, 2010-Ohio-5254, ¶ 20 (8th Dist.), and App.R. 4.

{¶ 16} For the reasons stated above, we find that Fung's second petition was res judicata and that he is attempting to engage in impermissible bootstrapping. Therefore, Fung's assignments of error are overruled, and his appeal is dismissed.

It is ordered that appellee recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
DEENA R. CALABRESE, JUDGE

EILEEN T. GALLAGHER, P.J., and
EMANUELLA D. GROVES, J., CONCUR