[Cite as *In re J.R.*, 2021-Ohio-3673.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE J.R., ET AL.

Minor Children

[Appeal by J.R., Father]

:
:
:
:
:

Nos. 110397 and 110398

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 14, 2021

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. AD18903882 and AD19902969

*Appearances:*

Mary Jo Hanson L.L.C., and Mary Jo Hanson, *for appellant.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Joseph C. Young, Assistant Prosecuting Attorney, *for appellee.*

FRANK D. CELEBREZZE, JR., P.J.:

{¶ 1} In these consolidated appeals, appellant J.R. ("appellant"), the biological father of minor children J.R. and K.F.W., appeals the decision of the Cuyahoga County Juvenile Court denying his motions for visitation and his motion

to vacate.[1]  Appellant argues that the trial court erred in terminating his parental rights and determining that he lacked standing to have visitation rights after permanent custody had been awarded to the Cuyahoga County Department of Children and Family Services ("CCDCFS" or "agency").  After a thorough review, we affirm the judgment of the juvenile court.

## I. Factual Background and Procedural History

{¶ 2} Appellant is the biological father of minor children J.R. and K.F.W.  The record on appeal reflects that the children had been placed in the temporary custody of CCDCFS in 2018.  The agency subsequently moved for permanent custody of both children.  Following trial on the agency's request, the court awarded permanent custody of the children to CCDCFS, and all parental rights were terminated, including those of appellant.

{¶ 3} Appellant did not appeal this judgment.  Two months after the expiration of the time to appeal, appellant filed a motion to vacate judgment in each case and later filed motions to set visitation.  A magistrate's decision was issued in each case, recommending dismissal of the motion for visitation on the grounds that appellant lacked standing due to the termination of his parental rights.  Appellant filed objections to these decisions, which were overruled by the court.  The court also denied appellant's motions to vacate.

---

[1] While the juvenile court denied appellant's motions to vacate in both of the underlying cases, it appears that he has only appealed one of the denials.

**{¶ 4}** Appellant then filed the instant appeals, raising two assignments of error for our review:

1. The Juvenile Court abused its discretion by terminating [appellant]'s parental rights and removing [appellant]'s standing to have parental rights, as the decision denied [appellant]'s substantive right of due process, which is a bedrock right grounded in custody law.

2. The Juvenile Court abused its discretion by failing to acknowledge that there was evidence favorable to [appellant], and the Juvenile Court further abused its discretion by not considering this evidence.

## II. Law and Analysis

**{¶ 5}** Prior to considering any of appellant's assignments of error, we must first address the issue raised by CCDCFS as to whether appellant's assignments of error are properly before this court.

**{¶ 6}** Within his assigned errors, appellant challenges the judgment of the trial court in granting permanent custody of the minor children to CCDCFS and terminating his parental rights. However, appellant did not file a timely appeal of that judgment entry. Instead, appellant has appealed the subsequent orders of the juvenile court denying his motion to vacate and his motions for visitation.

**{¶ 7}** Consequently, appellant is attempting to employ the procedure of "bootstrapping" through his appeal by challenging the trial court's denial of his motion to vacate and dismissal of his motions for visitation, which was a final appealable order from which appellant filed a timely appeal.

> "Bootstrapping" is "the utilization of a subsequent order to indirectly and untimely appeal a prior order that was never directly appealed." *State v. Williamson*, 8th Dist. Cuyahoga No. 102320, 2015-Ohio-5135, ¶ 9. Such attempt is "procedurally anomalous and inconsistent with

the appellate rules that contemplate a direct relationship between the order from which the appeal is taken and the error assigned as a result of that order" and is disfavored. *Williamson*, citing *State v. Church*, 8th Dist. Cuyahoga No. 68590, 1995 Ohio App. LEXIS 4838 (Nov. 2, 1995); *Bd. of Health v. Petro*, 8th Dist. Cuyahoga No. 104882, 2017-Ohio-1164, ¶ 12 (noting this court's consistent declination to consider bootstrapped claims).

*State v. Bhambra*, 8th Dist. Cuyahoga No. 105283, 2017-Ohio-8485, ¶ 12.

{¶ 8} Our review in this appeal must be limited to the trial court's denial of his motion to vacate and dismissal of his motions for visitation. However, appellant's merit brief raises no arguments of any kind relating directly to the denial of his motion to vacate and motions for visitation. Appellant instead attempts to bootstrap arguments, raising time-barred assigned errors pertaining to the termination of his parental rights.

{¶ 9} The claimed errors are beyond the scope of the appeal, and appellant is attempting to bootstrap claims that are time-barred; accordingly, we are without jurisdiction to consider them. *See Bhambra* at ¶ 13, citing *State v. Cottrell*, 8th Dist. Cuyahoga No. 95053, 2010-Ohio-5254, ¶ 20, and App.R. 4.

### III. Conclusion

{¶ 10} Appellant's assignments of error are outside of the jurisdiction of this court. The judgment of the juvenile court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., and
LISA B. FORBES, J., CONCUR