[Cite as *State v. Forro*, 2023-Ohio-4600.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2023-P-0022 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| JAMES A. FORRO, | Trial Court No. 2020 CR 00337 |
| Defendant-Appellant. | |

**M E M O R A N D U M**
**O P I N I O N**

Decided: December 18, 2023
Judgment: Appeal dismissed

*Victor V. Vigluicci*, Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*David V. Patton*, 34194 Aurora Road, Suite 242, Solon, OH 44139 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, James A. Forro ("Mr. Forro"), appeals from the judgment entry of the Portage County Court of Common Pleas denying his "Motion for a Final Appealable Order of Defendant's Motion to Modify Probation." An appeal of that judgment entry, however, does not allow us to consider the trial court's denial of his motion to modify community control. Further, it does not determine and/or affect a substantial right of the parties or allow us to provide any type of relief or remedy. Thus, we dismiss for lack of a final appealable order.

**Substantive and Procedural History**

{¶2} Mr. Forro pleaded guilty to one count of menacing by stalking, a fourth-degree felony, in violation of R.C. 2903.211(A)(1) and (B)(2)(b). The trial court sentenced him to five years of community control with various conditions, one being to submit to random substance abuse testing.

{¶3} Mr. Forro filed a motion to modify the terms of his community control to permit him to use medical marijuana. Following a hearing on January 31, 2022, the trial court issued a judgment entry denying his motion, requesting medical documentation to support his request, and rescheduling the matter for 30 days.

{¶4} Mr. Forro filed an appeal from the January 31, 2022 judgment entry, which we dismissed for lack of a final appealable order on December 27, 2022. In that opinion, we determined that the appealed judgment entry contemplated a second hearing on the motion to modify community control and that it ordered Mr. Forro to submit additional medical documentation evidence to support his request. *State v. Forro*, 11th Dist. Portage No. 2022-P-0014, 2022-Ohio-4691, ¶ 15.

{¶5} On March 11, 2022, while Mr. Forro's first appeal was pending, the trial court held the second hearing on his motion to modify community control. The trial court found Mr. Forro "failed to provide appropriate medical documentation as instructed." Because he tested positive for THC on the day of the second hearing, the trial court ordered him to be taken into custody and held pending a hearing on a motion to revoke his community control triggered by the positive drug test. No appeal was taken from that March 11, 2022 judgment entry.

2

{¶6} On December 29, 2022, i.e., two days after we dismissed Mr. Forro's first appeal, he filed a "Motion for a Final, Appealable Order for Defendant's Motion to Modify Probation." The trial court denied that motion on March 29, 2023, stating the "Court has already ruled on all outstanding motions and provided judgment entries. There is nothing additional for the Court to rule on that has not already been provided." A notice of appeal, which is the subject of the instant opinion, was taken from that judgment entry on April 21, 2023.

{¶7} We ordered both parties to submit briefing to the court on the issue of whether the March 11, 2022 judgment entry denying Mr. Forro's motion to modify community control was a final appealable order.

{¶8} Accordingly, Mr. Forro filed a "Brief Regarding Trial Court's March 11, 2022 Judgment Entry." The state did not file a brief. In his brief, Mr. Forro contends the March 11, 2022 judgment entry was not a final appealable order because it did not address and/or dispose of his motion to modify probation.

## Analysis

{¶9} We disagree. Contrary to Mr. Forro's argument, the March 11, 2022 judgment entry disposed of his motion to modify community control by denying it after he failed to provide medical documentation. He cannot now attempt to bootstrap an appeal from the trial court's March 11, 2022 judgment entry denying his motion to modify community control by appealing the March 29, 2023 judgment entry denying his motion for a final appealable order. An appeal of the March 29, 2023 judgment entry does not allow us to consider the merits of the trial court's March 11, 2022 denial of his motion to modify community control. Further, the March 29, 2023 judgment entry is not a final,

3

appealable order because it does not determine and/or affect a substantial right of the parties or allow us to provide any type of relief or remedy.

{¶10} Our appellate jurisdiction is limited to reviewing judgments and orders that are final, appealable orders. *See* Ohio Constitution, Article IV, Section 3(B)(2). In the absence of a final, appealable order, an appellate court does not have jurisdiction to review the matter and must dismiss the appeal. *Forro* at ¶ 5. Therefore, we have a duty to examine, sua sponte, potential deficiencies in jurisdiction. *Id.*

{¶11} R.C. 2505.02(B) defines the types of orders that constitute a final appealable order:

{¶12} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶13} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶14} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶15} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶16} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶17} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

4

{¶18} "(5) An order that determines that an action may or may not be maintained as a class action; * * *."

{¶19} In criminal cases, pursuant to R.C. 2953.02, a court of appeals only possesses jurisdiction to hear an appeal if it is from a "judgment or final order."

{¶20} The appealed judgment entry in the instant case does not conform to any of the criteria in R.C. 2505.02(B) for being a final appealable order.

{¶21} Appeal dismissed.

JOHN J. EKLUND, P.J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2023-P-0022