**[Cite as *State v. Forro*, 2024-Ohio-2604.]**

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2024-P-0006** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| JAMES A. FORRO, | |
| Defendant-Appellant. | Trial Court No. 2020 CR 00337 |

<u>**M E M O R A N D U M**</u>
<u>**O P I N I O N**</u>

Decided: July 8, 2024
Judgment: Appeal dismissed

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*David V. Patton*, 34194 Aurora Road, Suite 242, Solon, OH 44139 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, James A. Forro ("Mr. Forro"), appeals from judgment of the Portage County Court of Common Pleas denying his "Motion to Lawfully Use Medical Marijuana While Serving Community Control Sentence." This is the third time Mr. Forro has attempted to appeal this issue.

{¶2} Mr. Forro raises numerous constitutional issues on appeal concerning the trial court's ability to prohibit the use of medical marijuana as a condition of community control. However, these issues are not properly before us since they are issues that relate

to the trial court's sentence and the imposition of such a restriction as a condition of community control and/or to the trial court's denial of Mr. Forro's first motion to allow the use of medical marijuana, neither of which Mr. Forro appealed.

{¶3}    Because Mr. Forro's present appeal amounts to an attempt at bootstrapping claims that are now time-barred, we are without jurisdiction to consider his appeal.

{¶4}    Mr. Forro's appeal is dismissed.

**Substantive and Procedural History**

{¶5}    In December 2020, Mr. Forro pleaded guilty to one count of menacing by stalking, a fourth-degree felony, in violation of R.C. 2903.211(A)(1) and (B)(2)(b).  The trial court sentenced him to five years of community control with conditions, one being to submit to random substance abuse testing.  Mr. Forro never appealed his sentence and/or the conditions of his community control, and we cannot discern from the record if Mr. Forro raised the issue of medical marijuana at the sentencing hearing.

{¶6}    Mr. Forro filed a motion to modify the terms of his community control to permit him to use medical marijuana.  Following a hearing on January 31, 2022, the trial court issued a judgment entry denying his motion, requesting medical documentation to support his request, and rescheduling the matter for 30 days.

{¶7}    Mr. Forro filed an appeal from the January 31, 2022 judgment entry, which we dismissed for lack of a final appealable order in *State v. Forro*, 2022-Ohio-4691 (11th Dist.) ("*Forro I*").  In that opinion, we determined that the appealed judgment entry contemplated a second hearing on the motion to modify community control and that it ordered Mr. Forro to submit additional medical documentation evidence to support his request.  *Id.* at ¶ 15.

2

{¶8} On March 11, 2022, while Mr. Forro's first appeal was pending, the trial court held the second hearing on his motion to modify community control. The trial court denied his motion, finding he "failed to provide appropriate medical documentation as instructed." In addition, Mr. Forro tested positive for THC at the hearing. The trial court ordered him to be taken into custody and held pending a hearing on a motion to revoke his community control triggered by the positive drug test. No appeal was taken from that March 11, 2022 judgment entry.

{¶9} On December 29, 2022, two days after we dismissed Mr. Forro's appeal in *Forro I*, Mr. Forro filed a "Motion for a Final, Appealable Order for Defendant's Motion to Modify Probation." The trial court denied that motion on March 29, 2023, stating the "Court has already ruled on all outstanding motions and provided judgment entries. There is nothing additional for the Court to rule on that has not already been provided."

{¶10} Mr. Forro appealed the trial court's March 29, 2023 judgment entry in *State v. Forro*, 2023-Ohio-4600 (11th Dist.) ("*Forro II*"). We determined Mr. Forro could not bootstrap the lower court's March 11, 2022 order by appealing the March 29, 2023 judgment entry denying his "motion for a final appealable order." *Id.* at ¶ 9. Appealing the March 29, 2023 judgment entry did not allow us to consider the merits of the trial court's March 11, 2022 denial of his motion to modify community control, and it was not a final appealable order because it did not determine and/or affect a substantial right of the parties or allow us to provide any type of relief or remedy. *Id.* We dismissed Mr. Forro's second appeal for lack of a final appealable order. *Id.* at ¶ 10.

{¶11} After our judgment in *Forro II*, Mr. Forro filed a "Motion to Lawfully Use Medical Marijuana While Serving Community Control Sentence," the subject of the instant

3

appeal. We note Mr. Forro did not file any of the medical documentation the trial court requested when considering his first motion.

{¶12} The trial court denied his motion, finding it "not well taken."

{¶13} Mr. Forro raises ten assignments of error for our review:

{¶14} "[1.] The trial court erred as a matter of law in denying defendant's motion to modify community control sanctions such that defendant may lawfully use medical marijuana while on probation because the defendant has the right to do so under the Cruel and Unusual Punishment Clause of the Eighth Amendment to the U.S. Constitution.

{¶15} "[2.] The trial court erred as a matter of law in denying defendant's motion to modify community control sanctions such that defendant may lawfully use medical marijuana while on probation because the defendant has the right to do so under the Cruel and Unusual Punishment Clause of Ohio Constitution, Article I, Section 9.

{¶16} "[3.] The trial court's order denying defendant's motion to modify community control sanctions such that defendant may lawfully use medical marijuana while on probation fails the rational basis test and, therefore, the defendant has the right to do so under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

{¶17} "[4.] The trial court's order denying defendant's motion to modify community control sanctions such that defendant may lawfully use medical marijuana while on probation fails the rational basis test and, therefore, the defendant has the right to do so under the Equal Protection Clause of the Ohio Constitution.

{¶18} "[5.] The trial court erred as a matter of law in denying defendant's motion to modify community control sanctions such that defendant may lawfully use medical marijuana while on probation because fundamental fairness requires that he be permitted

to do so under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

**{¶19}** "[6.] The trial court erred as a matter of law in denying defendant's motion to modify community control sanctions such that defendant may lawfully use medical marijuana while on probation because fundamental fairness requires that he be permitted to do so under Due Course of Law Clause of Ohio Constitution, Article I, Section 16.

**{¶20}** "[7.] The trial court erred as a matter of law in denying defendant's motion to modify community control sanctions such that defendant may lawfully use medical marijuana while on probation because the defendant has the right to do so under Ohio Constitution, Article I, Section 21(B)'s right to purchase health care.

**{¶21}** "[8.] The trial court erred as a matter of law in denying defendant's motion to modify community control sanctions such that defendant may lawfully use medical marijuana while on probation because the community control sanction statutes (R.C. 2929.15 and 2929.17) are unconstitutional as applied to the defendant.

**{¶22}** "[9.] The trial court erred as a matter of law in denying defendant's motion to modify community control sanctions such that defendant may lawfully use medical marijuana while on probation because the trial court's sentencing order violates the defendant's statutory right to use medical marijuana pursuant to R.C. 3796.22(A)(1).

**{¶23}** "[10.] The trial court abused its discretion in denying defendant's motion to modify community control sanctions such that defendant may lawfully use medical marijuana while on probation because the trial court's community control sanctions regarding medical marijuana fail to satisfy any of the *Talty* factors."

5

Case No. 2024-P-0006

**Analysis**

{¶24} A review of Mr. Forro's appeal reveals he is striving for a third "bite of the apple." He cannot, however, circumvent the fact that he failed to file an appeal of his sentence and/or the trial court's March 11, 2022 judgment denying his first motion to use medical marijuana by filing a motion for a final appealable order (as he did in *Forro II*) or by filing a new motion to use medical marijuana in order for the trial court to deny the motion so he could have another "chance" at an appeal (as in the instant case).

{¶25} For the second time, Mr. Forro is attempting to employ the procedure of "bootstrapping," which is defined as "the utilization of a subsequent order to indirectly and untimely appeal a prior order that was never directly appealed," and is "procedurally anomalous and inconsistent with the appellate rules that contemplate a direct relationship between the order from which the appeal is taken and the error assigned as a result of that order." *State v. Williamson*, 2015-Ohio-5135, ¶ 9 (8th Dist.).

{¶26} In an instructive case, *Cleveland v. Sabetta*, 2021-Ohio-4426 (8th Dist.), the Eighth District was confronted with the appellant's multiple filings to modify the restrictions on his parental visitation with his minor daughter, which were a condition of his community control. *Id.* at ¶ 1. The appellant never filed a direct appeal of his sentence. *Id.* at ¶ 7. Instead, he filed a motion to modify his community control, seeking to remove the condition that required supervised visits with his daughter. *Id.* After the trial court denied his motion to modify, the appellant filed a second motion to modify that again sought the removal of supervised visitation with his daughter. *Id.* at ¶ 9. After holding a hearing, the trial court denied the motion. *Id.* at ¶ 11. On appeal, the appellant contended the trial

6

court violated his right to due process by imposing a condition of community control that restricted his visitation with his minor daughter. *Id.* at ¶ 15.

{¶27} The Eighth District determined the appellant's assignment of error pertained to a purported due process violation that occurred at sentencing, which was prior to the judgment denying his second motion to modify community control. *Id.* at ¶ 16. As such, the appellant's argument was outside the scope of his appeal. *Id.* The court further determined that because the trial court's alleged due process violation flowed from the imposition of the court's sentence, the appellant's arguments were barred by the doctrine of res judicata. *Id.* at ¶ 17. Lastly, the Eighth District determined that the record suggested the appellant was attempting to bootstrap through his appeal because he did not argue present circumstances, i.e., that the trial court abused its discretion by denying his motion to remove the restrictive visitation after his substantial compliance with the trial court's various conditions. *Id.* at ¶ 21. Rather, he argued the trial court abused its discretion by *imposing* the condition restricting his parental visitation. *Id.* Thus, the issue the appellant raised related to the trial court's sentence, which the appellant should have directly appealed. *Id.*

{¶28} Similarly, in this case, Mr. Forro raises numerous constitutional arguments related to the trial court prohibiting him from using drugs and/or alcohol, namely medical marijuana, as a condition of his sentence of community control and to the trial court's denial of his first motion to modify his community control to use medical marijuana. Mr. Forro failed to appeal either of these judgments and cannot bootstrap the constitutional issues he raises to his second motion to modify his community control to use medical marijuana. These issues are not properly before the court.

7

{¶29} Because Mr. Forro's present appeal amounts to an attempt at bootstrapping claims that are now time-barred, we are without jurisdiction to consider the appeal. *Sabetta* at ¶ 22.

{¶30} Appeal dismissed.

EUGENE A. LUCCI, P.J.,

JOHN J. EKLUND, J.,

concur.

8