[Cite as *Sampson v. Sampson*, 2025-Ohio-4912.]

# IN THE COURT OF APPEALS OF OHIO
# ELEVENTH APPELLATE DISTRICT
# LAKE COUNTY

| | |
|---|---|
| LACIE SAMPSON, | CASE NO. 2025-L-059 |
| Petitioner-Appellee, | |
| - vs - | Civil Appeal from the Court of Common Pleas, Domestic Relations Division |
| RAYMOND SAMPSON, | |
| Respondent-Appellant. | Trial Court No. 2024 DV 000195 |

## OPINION AND JUDGMENT ENTRY

Decided: October 27, 2025
Judgment: Affirmed

*Lacie Sampson*, pro se, 1299 West Jackson Street, Painesville, OH 44077 (Appellee).

*Raymond E. Sampson*, pro se, 300 East Walnut Avenue, Painesville, OH 44077 (Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, Raymond Sampson, pro se, appeals the May 13, 2025 judgment of the Lake County Court of Common Pleas, Domestic Relations Division, denying his May 2, 2025 and May 5, 2025 Motions to Modify or Terminate Domestic Violence or Dating Violence Civil Protection Order or Consent Agreement. However, Appellant's assignments of error all relate to the proceedings by which the trial court granted a Domestic Violence Civil Protection Order (CPO) in favor of Appellee, Lacie Sampson, on September 4, 2024.

{¶2} Appellant has raised three assignments of error arguing that: (1) the trial court erred by not allowing Appellant to cross-examine his minor son during the August

30, 2024 and September 4, 2024 hearings on the CPO; (2) the trial court erred by holding the hearing on September 4, 2024 because Appellant was incarcerated but available for transport to the hearing; and (3) new circumstances have arisen since the trial court granted the CPO that cast doubt on the trial court's witness credibility determination.

{¶3}    After review of the record and the applicable caselaw, we find Appellant's assignments of error to be without merit. Appellant has not provided a transcript of the hearing. Nor has he overcome the rebuttable presumption that the proceedings below were correct and binding. *See Holman v. Wiser*, 2023-Ohio-4095, ¶ 49 (11th Dist.). More fundamentally, Appellant never directly appealed the order granting the CPO. His time to do so expired in October 2024. Instead, he has appealed the 2025 judgment entry denying his motions to modify or end the 2024 CPO. Appellant's arguments are outside the scope of this appeal and are not properly before this court. *See State v. Forro*, 2024-Ohio-2604, ¶ 28 (11th Dist.).

{¶4}    Therefore, we affirm the judgment of the Lake County Court of Common Pleas, Domestic Relations Division.

### Substantive and Procedural History

{¶5}    On July 29, 2024, Appellee filed a pro se Petition for Domestic Violence Civil Protection Order pursuant to R.C. 3113.31. Appellee alleged that she was the former spouse of Appellant and that he had made threats against her and their children. The trial court issued an ex parte order of protection.

{¶6}    On August 12, 2024, the trial court held a hearing on the CPO before a magistrate. Appellant has not provided a copy of the transcript from this or any other hearing held in this matter.

Case No. 2025-L-059

{¶7} On August 19, 2024, the magistrate issued a Magistrate's Order stating that the matter proceeded to hearing as scheduled on August 12. Both Appellant and Appellee testified. However, Appellee wished to call the parties' minor son, B.S. (DOB 11-05-2009), as a witness. Therefore, the magistrate ordered that the hearing continue on August 30, 2024.

{¶8} On September 4, 2024, the trial court granted the CPO. The entry granting the CPO stated that Appellant did not appear for the August 30, 2024 hearing and that he did not otherwise contact the trial court. The trial court's entry said Appellee testified that Appellant had threatened her and said, "she needs to be 'put down' and further that she needs a bullet between the eyes." The entry stated B.S. testified that Appellant had threatened him with a gun. The trial court found B.S's testimony to be credible and granted the CPO for Appellee and the parties' two minor children.

{¶9} Appellant did not file a notice of appeal from that judgment.

{¶10} Between September 5, 2024, and April 23, 2025, Appellant filed 13 Motions to Modify or Terminate the CPO (hereinafter Motion to Modify or Terminate). The trial court denied each of them.

{¶11} On May 2 and May 5, 2025, Appellant filed a 14th and a 15th Motion to Modify or Terminate.

{¶12} On May 13, 2025, the trial court dismissed these motions. The entry stated: "There will be no retrial of the full hearing based upon the doctrine of *Res Judicata* as was explained in this Court's [prior] order . . . ."

{¶13} On May 28, 2025, Appellant filed a Notice of Appeal from the trial court's May 13, 2025 judgment entry dismissing his May 2 and May 5, 2025 Motions to Modify

Case No. 2025-L-059

or Terminate. He did not appeal any other judgment of the trial court. Appellant incorrectly filed the appeal under the caption *State of Ohio v. Raymond Sampson*. Appellant also filed a Motion for Appointment of Counsel, a Motion for Preparation of Complete Transcript of Proceedings at State Expense, an Affidavit of Indigency, and a Statement, Praecipe and Notice to Court Reporter.

{¶14} On June 3, 2025, the trial court issued a judgment entry stating that Appellant had improperly captioned his Notice of Appeal and that doing so reopened the case for the "Supreme Court Time Guidelines Report." The trial court dismissed Appellant's Motion for Appointment of Counsel and Motion for Preparation of Compete Transcript of Proceedings at State Expense because the appeal was not a criminal matter.

{¶15} Appellant has raised three assignments of error. Appellee has not filed an answer brief.

## Assignments of Error and Analysis

{¶16} Appellant's first assignment of error states: "The trial court violated Appellant's constitutional right to due process by allowing testimony from a minor child without affording Appellant the opportunity to cross-examine the witness."

{¶17} Appellant's second assignment of error states: "The trial court erred by granting a Domestic Violence Civil Protection Order in Appellant's absence, despite knowledge that he was in custody and not transported for the hearing."

{¶18} Appellant's third assignment of error states: "New evidence has surfaced since the issuance of the protection order indicating that the minor child has been charged

Case No. 2025-L-059

with domestic violence while in the care of the Appellee, casting serious doubt on the trial court's judgment and the child's best interests."

{¶19} In assessing a proceeding for possible error, appellate courts are limited to a review of the record. *State v. Dudas*, 2008-Ohio-3261, ¶ 16 (11th Dist.).

{¶20} App.R. 9(A)(1) provides that "the record" on appeal consists of "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court . . . ."

{¶21} Under App.R. 10(B), the trial court's clerk has the duty to transmit the record on appeal to the appellate court. Under App.R. 9(B)(3), the "appellant shall order the transcript in writing and shall file a copy of the transcript order with the clerk of the trial court." App.R. 9(B)(1) places on the appellant the duty to "ensure that the proceedings the appellant considers necessary for inclusion in the record, however those proceedings were recorded, are transcribed in a form that meets the specifications of App.R. 9(B)(6)." App.R. 10(A) requires the appellant to "comply with the provisions of App.R. 9(B) and [to] take any other action reasonably necessary to enable the clerk to assemble and transmit the record."

{¶22} "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

{¶23} The presumption is that the results of those proceedings are correct and binding. *See Holman v. Wiser*, 2023-Ohio-4095, at ¶ 49 (11th Dist.). For example, appellate courts can evaluate the legal conclusions reached by a trial court based upon the trial court's factual findings even absent a transcript and thus overcome the presumption that the proceedings were correct and binding. *Fifth Third Mtge. Co. v. Berman*, 2019-Ohio-1068, ¶ 16 (10th Dist.).

{¶24} Under App.R. 12(A)(2), we may entirely disregard assignments of error that an appellant has not identified by reference to the record. *South Russell v. Upchurch*, 2003-Ohio-2099, ¶ 9 (11th Dist.).

{¶25} Appellant has not included transcripts from the hearings held in the trial court. His first and second assignments of error refer to evidentiary material admitted at the hearings. His third assignment of error refers to matters outside of the record and argues that those matters undermine the trial court's credibility determination about B.S.'s hearing testimony. Nothing in our review of the judgment from which Appellant took his appeal overcomes the presumption that the proceedings were correct and binding. Without a transcript, we have no choice but to presume the validity of the lower court's proceedings and affirm.

{¶26} Next, Appellant has failed to affirmatively establish error on appeal because he has not complied with App.R. 16(A)(7). His brief is completely devoid of any argument or reasoning supporting his assigned errors.

{¶27} Finally, Appellant purports to appeal the trial court's September 5, 2024 judgment granting Appellee's request for a CPO. However, Appellant did not file a timely appeal of that judgment. Instead, he filed numerous Motions to Modify or Terminate in the

trial court, each of which was denied. Appellant did not appeal the trial court's denial of his first 13 Motions to Modify or Terminate. Appellant only appealed the trial court's May 13, 2025 denial of his 14th and 15th Motion to Modify or Terminate.

{¶28} Appellant's assignments of error all relate to the September 4, 2024 CPO, which the trial court ruled was res judicata in its April 15, 2025 judgment entry. In this respect, Appellant is attempting to "bootstrap" his appeal to allow a second bite at the apple. "Bootstrapping," in this context, is a legal procedure that utilizes a subsequent order "'to indirectly and untimely appeal a prior order that was never directly appealed.'" *State v. Forro*, 2024-Ohio-2604, at ¶ 25 (11th Dist.), quoting *State v. Williamson*, 2015-Ohio-5135, ¶ 9 (8th Dist.).

{¶29} It is "'procedurally anomalous and inconsistent with the appellate rules that contemplate a direct relationship between the order from which the appeal is taken and the error assigned as a result of that order.'" *Id.* quoting *Williamson* at ¶ 9*.*

{¶30} Appellant never directly appealed the order granting the CPO. He cannot use a later judgment entry denying his Motion to Modify or Terminate in order to "bootstrap" an appeal of the CPO. Appellant's arguments are outside the scope of this appeal and are not properly before this court. *See id.* at ¶ 28.

{¶31} Accordingly, Appellant's assignments of error are without merit.

Case No. 2025-L-059

{¶32} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas, Domestic Relations Division, is affirmed.


ROBERT J. PATTON, P.J.,

MATT LYNCH, J.,

concur.

Case No. 2025-L-059

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, Appellant's assignments of error are without merit. It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas, Domestic Relations Division, is affirmed.

Costs to be taxed against Appellant.

_____
JUDGE JOHN J. EKLUND

_____
PRESIDING JUDGE ROBERT J. PATTON,
concurs

_____
JUDGE MATT LYNCH,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-L-059